IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES M. BROADHEAD, #224802, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CASE NO. 2:26-cv-608-RAH |
| ANTONIO BARNES, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff James M. Broadhead, an inmate proceeding *pro se*, initiated this action by filing a Complaint on this Court's standard form routinely used by inmates to file a lawsuit under 42 U.S.C. § 1983. (Doc. 1.) Upon review of the record, and for the reasons explained below, this case will be **DISMISSED** without prejudice because Plaintiff (1) has accumulated three strikes and failed to pay the requisite filing and administrative fees at the time he initiated this suit; and (2) failed to disclose his prior litigation history.

I.    **DISCUSSION**

a.    **Three-Strikes Provision**

As an initial matter, the Prison Litigation Reform Act ("PLRA") imposes specific restrictions on civil rights lawsuits filed by inmates in federal court. One key restriction is known as the "three strikes" provision, which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

> a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The purpose of this provision is "to curtail abusive prisoner litigation." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam); *see also Wells v. Brown*, 58 F.4th 1347, 1355 (11th Cir. 2023) ("By taking away the privilege of proceeding *in forma pauperis* from prisoners who have struck out, the rule is 'designed to filter out the bad claims and facilitate consideration of the good.'" (quoting *Jones v. Bock*, 549 U.S. 199, 204 (2007)). Under this provision, if a prisoner has three or more qualifying dismissals, or "strikes," and fails to pay the required filing fee at the time a new complaint is filed, the Court must dismiss the case without prejudice. *See id.* As the Eleventh Circuit explained in *Dupree*, the three-strike prisoner cannot cure this failure by paying the filing fee after the complaint has been filed:

> We conclude that the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit.

*Id.* at 1236; *accord Daker v. Ward*, 999 F.3d 1300, 1310 (11th Cir. 2021).

Plaintiff has filed countless civil actions while incarcerated and accumulated at least three strikes under § 1915(g). *See, e.g., Broadhead v. O'Brian, et al.*, Case No. 4:10-cv-475-JHH-RRA (N.D. Ala. 2010) (dismissed as frivolous); *Broadhead v. Hopkins, et al.*, Case No. 4:10-cv-439-LSC-RRA (N.D. Ala. 2010) (dismissed as frivolous); and *Broadhead v. Kirrire, et al.*, Case No. 4:10-cv-53-VEH-RRA (N.D. Ala. 2010) (dismissed as frivolous).[1] Plaintiff has further previously been notified that he has accumulated three strikes. *See, e.g., Broadhead v. Terrell, et al.*, Case

---

[1] The provided list of strikes is not exhaustive.

No. 2:19-cv-1390-RDP-JHE (N.D. Ala. 2019) (dismissed pursuant to 28 U.S.C. § 1915(g)).

Because Plaintiff has accrued at least three strikes under § 1915(g), he cannot proceed *in forma pauperis* in this case unless he was "in imminent danger 'at the time that he s[ought] to file his suit in district court.'" *Daker*, 999 F.3d at 1310–11 (quoting *Medberry v. Butler*, 185 F.3d 1189, 1192–93 (11th Cir. 1999)). In assessing whether a prisoner qualifies for the imminent danger exception under § 1915(g), the Court considers a complaint in its entirety, "construing it liberally and accepting its allegations as true." *Daker*, 999 F.3d at 1311 (quoting *Wells v. Brown*, 387 F.3d 1344, 1350 (11th Cir. 2004)). Plaintiff's Complaint, construed liberally and accepted as true, fails to trigger the imminent danger exception to the three-strikes provision. (*See generally* doc. 1, in which Plaintiff appears to allege an assault that occurred approximately one month prior.)[2] Accordingly, this action is due to be dismissed under 28 U.S.C. § 1915(g).

### b.    Failure to Disclose

Secondly, the first page of this Court's standard complaint form requires Plaintiff to state whether he has filed any other lawsuits relating to his imprisonment and, if so, to list each of those lawsuits. (Doc. 1 at 2.) In response, Plaintiff marked "no" and did not list any previously filed lawsuits. (*Id*. at 2–3.) Plaintiff then signed the Complaint under penalty of perjury. (*Id*. at 5.) However, despite Plaintiff's representation that he had not filed any previous lawsuits, a review of PACER as

---

[2] *See also, e.g., Martinson v. Brantley*, No. 125-015, 2025 WL 747519, at *2–3 (S.D. Ga. Feb. 3, 2025) (internal quotations and citations omitted):

> First, Plaintiff's claims about experiencing sexual and physical assault are insufficient to establish imminent danger because these events occurred in the past, and nowhere does Plaintiff allege facts suggesting there is a chance another assault is likely.[] Moreover, although allegations of denied medical care can sometimes show imminent danger, … Plaintiff insufficiently alleges any *ongoing*, serious complications stemming from his described past injuries.

well as this Court's own records demonstrates that Plaintiff is a prolific litigant who has filed countless other lawsuits relating to his imprisonment.

The Local Rules for the Middle District of Alabama provide that this Court "may impose a sanction for the violation of any local rule" and that any such sanction "lie[s] within the sound discretion of the judge whose case is affected." M.D. Ala. R. 1.2. The Local Rules further provide that every *pro se* pleading by an inmate under 42 U.S.C. § 1983 must be "signed under penalty of perjury in accordance with the law" and "completely filled out." M.D. Ala. R. 9.1(a). Thus, Plaintiff was required to fully complete the complaint form according to its instructions and affirm under penalty of perjury that the contents therein were true and correct. By failing to accurately disclose that he has filed many previous lawsuits and failing to list those lawsuits in the space provided, Plaintiff has failed to comply with this Court's Local Rules, and the Court has the discretion to impose an appropriate sanction.

Plaintiff's *pro se* status does not excuse him from the obligation to be truthful with the Court regarding his litigation history. The Eleventh Circuit has recently explained that, "[a]though a *pro se* litigant's filings are construed liberally, they must comply with procedural rules." *McNair v. Johnson*, 143 F.4th 1301, 1307 (11th Cir. 2025) (citing *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007), and *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[A] *pro se* IFP litigant ... is subject to the relevant law and rules of court[.]")). "A district court has discretion to adopt local rules that are necessary to carry out the conduct of its business." *McNair*, 143 F.4th at 1307 (quoting *Frazier v. Heebe*, 482 U.S. 641, 645 (1987)); *see also* 28 U.S.C. § 2071; Fed. R. Civ. P. 83(a). "[L]ocal rules generally reflect the courts' traditional 'authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *McNair*, 143 F.4th at 1307 (quoting *Reese v. Herbert*, 527 F.3d 1253, 1267–68 (11th Cir. 2008)).

4

When a litigant fails to comply with procedural rules, this Court may "dismiss a case under its 'inherent authority,' which it possesses as a means of 'manag[ing] its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *McNair*, 143 F.4th at 1306 (quoting *Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009)). "The court's power to dismiss [a case] is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *McNair*, 143 F.4th at 1306 (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)). "A district court will rarely be found to have abused its discretion in dismissing [a case] without prejudice because the plaintiff is ordinarily permitted to simply refile." *McNair*, 143 F.4th at 1306 (citing *Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983)).

When faced with circumstances analogous to this case, in which a prisoner litigant failed to disclose his entire litigation history when prompted on a standardized complaint form in violation of the relevant Local Rules, the Eleventh Circuit affirmed the district court's dismissal of the case without prejudice. *McNair*, 143 F.4th at 1308. The Eleventh Circuit reasoned:

> Dismissal without prejudice was an appropriate exercise of the district court's inherent authority to manage its docket and enforce the local rules. McNair violated the local rules by failing to disclose his full litigation history, as required by the duly adopted standard complaint form. We hold that the district court did not abuse its considerable discretion when it dismissed McNair's suit for failure to comply with the complaint form's explicit instructions.

*Id*.

In this case, Plaintiff was clearly aware that he was required to disclose his litigation history, as that requirement is plainly stated in the very first section of the very first page of the complaint form. (*See* doc. 1 at 2–3.) Nevertheless, he knowingly submitted a false representation, under penalty of perjury, that he had not

5

filed any previous cases relating to his imprisonment. (*Id*.) As recognized by one of our sister districts:

> If Plaintiff suffered no penalty for his untruthful responses to the questions on the complaint form, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants.

*Ruiz v. Osteen*, No. 3:12-CV-240, 2013 WL 5954692, at *3 (N.D. Fla. Nov. 7, 2013) (determining that the court "should not allow Plaintiff's false response to go unpunished") (citing *Harris v. Warden,* 498 F. App'x 962, 964–65 (11th Cir. 2012) and *Hood v. Tompkins,* 197 F. App'x 818, 819 (11th Cir. 2006)). Thus, the undersigned concludes that dismissal without prejudice is an appropriate sanction for Plaintiff's inaccurate response on the complaint form.[3]

## II.    CONCLUSION

Accordingly, for the reasons set forth above, it is **ORDERED** that:

(1)    Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is **DENIED**; and,

(2)    This case is **DISMISSED** without prejudice under 28 U.S.C. § 1915(g) and the Court's inherent authority to manage its docket and enforce applicable rules.[4]

---

[3] "[T]he Eleventh Circuit has explained that district courts should not allow parties to cure their lack of candor with … after the fact amendments." *Jenkins v. Hutcheson*, No. 6:16-CV-59, 2016 WL 5110260, at *1 (S.D. Ga. Sept. 20, 2016) (citing *Hood*, 197 F. App'x at 819 ("[T]he district court was correct to conclude that to allow [the plaintiff] to [later] acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.")); *see also Harris*, 498 F. App'x at 964 (finding that the district court did not abuse its discretion in dismissing prisoner's complaint without allowing him to correct his failure to disclose his prior litigation history).

[4] Numerous courts have held, as an alternative basis for dismissal, that failure to disclose one's prior litigation history warrants dismissal of the action as "malicious" under the PLRA. *See* 28

Final Judgment will be entered separately.

**DONE**, on this the 7th day of August 2026.

_____

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

U.S.C. § 1915(e)(2)(B)(i); *see also, e.g., Fanning v. Jones*, No. 13-541-KD-B, 2014 WL 31796, at *1 (S.D. Ala. Jan. 6, 2014) ("An action is deemed malicious … when a prisoner plaintiff affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs it under penalty of perjury.") (collecting cases in support). However, in *McNair*, the Eleventh Circuit explicitly declined to consider that issue. *Id*. at 1306 n.2 ("[W]e do not reach the other alternate grounds for affirmance, including Federal Rules of Civil Procedure 11 or 41. Nor do we reach the question whether the district court's dismissal should be counted as a § 1915(g) 'strike' in any future litigation."). Because the Court may dismiss this case under its inherent authority to manage its own docket, it need not determine whether Plaintiff's untruthful response rendered this action malicious.